MOSES ROBINSON, Aaron Robinson, Samuel Robinson, Elijah Robinson and Fay Robinson, heirs of Moses Robinson late of Bennington, deceased, appellants from a decree of the Judge of Probate, for a distribution of the estate of said deceased, and also from a decree approving of said distribution and division.

*Bennington*<br>*January,*<br>*1815.*

The following exceptions to the decree of the Court of Probate, taken by the appellants, with the decree of the Court thereon, will shew the points which were decided by the Court in this case:

And now the appellants, in Court by Daniel Chipman their Attorney say, That the said order or decree of said Judge of Probate ordering a distribution of said estate to and among said heirs; and also the order or decree of said Judge, approving of said division and distribution of said estate, ought to be set aside, vacated, and for nought held.

1st. For that the said heirs were not notified to appear before

said Judge, nor had they or any of them an opportunity to make exception to said order of distribution.

2d. That said decree or order of distribution did not specify either the names of the heirs of said estate, or the sums advanced by way of settlement or otherwise to any of the heirs of said estate by the deceased in his life time, or the amount or proportion of said estate to which each heir was entitled, but left it for said committee to ascertain and decide.

3d. That said decree or order of distribution did not specify what part of the estate of said deceased was held in common with any other person or persons, or who such persons were, or what was the common interest of each, but left it to said committee to ascertain and decide; nor were any person or persons holding such estate in common notified of such order: yet said committee proceeded to divide certain estate which they stated was held in common with said heirs by David Robinson and others.

4th. That said committee did not set off or assign any part of said estate to the said Moses Robinson, one of the said heirs.

5th. That said committee set off to said Fay Robinson one of said heirs, as a part of his share or portion of said estate, a certain tract of land in Addison in the County of Addison, which had been sold by said deceased in his life-time to David Whitney of said Addison, but which had not been conveyed; and which the Judge of Probate has ordered the administratrix on said estate to convey, to said Whitney, in pursuance of said contract.

6th. That Nathan Robinson, deceased, son of said Moses Robinson, deceased, had received of said Moses in his life-time, three thousand dollars, which sum said committee of distribution did not deduct from the share of said John S. Robinson, son of said Nathan, as by law ought to have been done.

7th. That said committee of distribution in setting off the share of said John S. Robinson, only son and heir of said Nathan Robinson, did set off to said John S. a portion of said estate of a greater value, by five thousand dollars, than what by law he was entitled to.

8th. That the manner and form in which said estate has been divided, by said committee, to and amongst the heirs of said estate, is so uncertain and indefinite, that the several heirs cannot ascertain what portion or parcels belong to each.

The Court having considered the orders of the Judge of Probate, *Bennington* the commission issued to the committee, &c. and the doings and re- *January,* turn of *said* committee, and having heard counsel thereon do ad- *1815.* judge that the same are erroneous, in the following particulars, viz :

1st. That the Judge did not, before issuing the said commission for a division of the said estate to and among the heirs of said Moses Robinson, deceased, ascertain and declare who were the persons entitled as heirs.

2d. That said Judge did not ascertain and declare what advances had been made by said Moses Robinson in his life-time to any and each of the heirs entitled, &c. and the value of each advancement when made.

3d. The said Judge did not ascertain and declare what lands belonging to the estate of said Moses Robinson were holden in common or jointly with others, with whom, and in what proportion.

4th. That the said Judge did not, before the order for such partition, cause the several persons interested in the said estate to be notified thereof, that they might have opportunity to be heard upon the subject of the above particulars.

5th. That the said Judge did not ascertain and declare the lands and estate to be by said committee divided.

6th. That the said Judge did not ascertain and declare the shares and proportions and value to be divided and set to each person entitled as heir to a share in the division of said estate.

It is therefore considered by the Court, that the orders and decrees of said Judge of Probate be reversed, and the commission and the doings and return of said committee be wholly set aside and for nought held ; and that the same be remitted to the Judge of Probate, and that he proceed to a division of said estate *de novo,* according to law.